UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHUNG HAN,

                                      Plaintiff,

    - against-

GEMSTONE SUPERMARKET INC.,
DAVID MENDEL, individually, and
JAMES HONG, individually,

                                        Defendants.
------------------------------------------------------------------------x

Docket No: 23-CV-1769

**Complaint**

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Chung Han ("Mr. Han"), by and through his undersigned counsel, Brustein Law, PLLC and Risman & Risman P.C., as and for his Complaint in this action against Defendants Gemstone Supermarket, Inc. ("Gemstone" or "Store"), David Mendel ("Mr. Mendel"), and James Hong (Mr. Hong") collectively referred to as "Defendants," hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices and/or retaliation committed against Plaintiff, including Defendants' discriminatory treatment, and/or unlawful retaliation of Plaintiff, due to his gender, and, age and/or his complaints of and/or opposition to discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law, New York Executive Law §§ 290 et seq. (the "NYSHRL") and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq. (the "NYCHRL").

## PRELIMINARY STATEMENT

2. Gemstone fostered an environment such that any employee with the courage to complain about the discrimination that pervades the workplace directly to management would be subjected to unlawful retaliation by, among other things, criticizing their work performance and, denying them necessary tools to successfully perform their job and harassment in the form of calls and text messages from the owner, Mr. Mendel.

3. True to form, after Ms. Han first complained to management about being treated in a disparate manner by supervisor, Mr. Hong, Mr. Han was retaliated against by Mr. Hong and harassed by Mr. Mendel.

4. Defendants' discriminatory and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's rights, warranting an award of punitive damages. Such conduct has caused, and continues to cause Plaintiff to suffer substantial monetary damages, permanent harm to his professional and personal reputation and/or severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

7. Mr. Han is 53-year-old Asian male, and a resident of the State of New York, Queens County. At all relevant times, he met the definition of an "employee" under all applicable statutes.

8. At all relevant times, Gemstone has had its principal place of business located in Queens, New York, but has a grocery store located at 61-46 Springfield Blvd, Bayside, New York, which is the grocery store to which Plaintiff reported.

9. At all relevant times, Gemstone has met the definition of an "employer" under all applicable statutes.

10. Mr. Mendel is the store owner of Gemstones. At all relevant times, he has actively and directly participated in the harassment and unlawful retaliation committed against Plaintiff.

11. At all relevant times, Mr. Mendel had authority to make personnel decisions concerning Plaintiff's assignments. Mr. Mendel also had authority to discipline, including the authority to terminate, Plaintiff and other Gemstone employees.

12. Upon information and belief, Mr. Mendel, was and is, at all times mentioned herein, an aider and abettor within the meaning of the NYSHRL and NYCHRL.

13. At all relevant times, Mr. Hong had the authority authority to discipline, including the authority to terminate Plaintiff's employment.

14. Upon information and belief, Ms. Hong, was and is, at all times mentioned herein, an aider and abettor within the meaning of the NYSHRL and NYCHRL.

## PROCEDURAL REQUIREMENTS

15. Prior to the commencement of this action, a copy of Plaintiff's Complaint was served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

16. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### I. Chung Han

17. In or around August 2019, Mr. Han was hired as a delivery driver for Gemstone.

18. Mr. Han was hired by corporate headquarters and assigned to the Gemstone location in Bayside, Queens.

19. The store manager for the Bayside, Queens Gemstone location was Mr. Hong.

20. Mr. Han was employed as a delivery driver with no responsibilities to in-store operations at the store location.

### II. The Hostile Work Environment at Gemstone

21. By way of example, the discriminatory and retaliatory environment at Gemstone began in April 2020, and continues through Ms. Han's tenure with Gemstone.

22. In or around April 2020, Mr. Hong required that Mr. Han work outside of his job duties by stocking the shelves, cleaning and sanitizing in-store.

23. Mr. Han was also specifically subjected to rampant discrimination and harassment throughout his employment.

24. While Mr. Han completed the tasks that were outside of his job description, Mr. Hong would scream at Mr. Han and say, "are you a man?" "walking like an old man" "slow" "are you too old to remember what I told you to do." Mr. Hong would also scream "this is my house, you do whatever I tell you to do."

25. Mr. Han inquired on taking a vacation day on or about November 1st, 2020, and Mr. Hong got angry and stated that Mr. Han was not qualified for vacation, even though he was eligible for it.

26. Mr. Hong claimed that because of the pandemic they could not give Mr. Han any days off.

27. Mr. Han was unable to take any vacation days in either the year 2020 or 2021.

28. Mr. Han attempted to gather more information on how to utilize paid time off from colleagues and supervisors, but Mr. Hong brought Mr. Han out to the parking lot and screamed at him stating that Mr. Hong can send Mr. Han home for talking to other employees.

29. There was no human resources department at Gemstone.

30. In and around December 2020, because there was no human resources department, Mr. Han made a formal complaint to the store owner, Mr. Mendel, requesting a transfer to another store due to the age and gender discrimination and harassment he was enduring from supervisor, Mr. Hong.

31. Mr. Han was informed at the meeting with Mr. Mendel that a transfer to another Gemstone location would not be approved and that Mr. Hong would "go easy on Mr. Han."

32. Upon information and belief, no further action was taken to remedy the situation.

33. Upon information and belief, no investigation was conducted by Gemstone into Mr. Hong's behavior towards Mr. Han.

34. Upon information and belief, Gemstone took no action to remedy Mr. Hong's discrimination against Mr. Han.

35. On or about December 15, 2020, Mr. Hong became aware that Mr. Han had a meeting with Mr. Mendel regarding Mr. Han's employment at the Bayside Gemstone location.

36. On or about December 15, 2020 Mr. Hong began cursing and screaming at Mr. Han, telling Mr. Han to quit and that he wasn't a man.

37. In an attempt to avoid further harassment, Mr. Han walked away from Mr. Hong into the parking lot.

38. Mr. Hong then followed Mr. Han into the parking lot and threw his jacket onto the ground and violently came towards Mr. Han.

39. As Mr. Hong approached Mr. Han, another supervisor intervened and stopped Mr. Hong.

40. The following week, on or about December 23, 2020, Mr. Hong issued Mr. Han the first retaliatory write up. When Mr. Han objected to the write up, Mr. Hong attempted to kick him out of the store.

41. Mr. Han asked to speak with Mr. Mendel, but Mr. Hong refused and called the police.

42. This aggression was also witnessed by the staff present at the Bayside Gemstone location.

43. After the retaliatory write-up, on or about December 24th, 2020 Mr. Han again requested that Mr. Mendel approve a transfer to another Gemstone location. Mr. Mendel again denied the transfer request.

44. Upon information and belief, Gemstone did not conduct any investigation into discrimination or retaliation by Mr. Hong against Mr. Han.

45. In approximately January 2021, Mr. Han shared audio recordings of Mr. Hong's discriminatory and retaliatory behavior towards Mr. Han with Mr. Mendel.

46. In approximately January 2021, Mr. Hong stopped working for Gemstone.

47. Even after Mr. Hong stopped working for Gemstone, Mr. Han still required medical intervention for stress, anxiety and depression due to a hostile work environment.

48. On January 19, 2021, Mr. Mendel asked Mr. Han to withdraw an EEOC charge because Mr. Mendel's lawyer wanted a $5,000 retainer to fight the charge.

49. Mr. Han refused to withdraw the EEOC charge.

50. On January 30, 2021, Mr. Mendel told Mr. Han that the EEOC charge was costing the company money and that meant less resources for Mr. Han.

51. Mr. Han still refused to withdraw the EEOC charge.

52. On February 5, 2021, Mr. Han's concerns related to retaliation stemming for his filing of the EEOC charge came to fruition. Mr. Mendel sent Mr. Han a new work schedule, reducing his hours from 42 hours per week to 28 hours per week, and told him that it was a permanent schedule.

53. Approximately 6 months later, Mr. Han again met with Mr. Mendel, and his hours were further reduced to only 16 hours per week.

54. Despite Mr. Mendel knowingly aware of the discrimination, harassment, abuse and retaliation Mr. Han faced, Gemstone failed and continues to fail to protect Mr. Han from a discriminatory and retaliatory workplace.

55. Gemstone refused transfer Mr. Han to a different location to protect him from Mr. Hong.

56. The retaliation did not end with Mr. Hong's resignation. Instead, Mr. Mendel continued to intimidate Mr. Han by texting him, calling him and asking him to in-person meetings where he would ask Mr. Han to withdraw his EEOC charge, and retaliated against him by way of reducing his hours at work.

## COUNT I

(Discrimination and Harassment in Violation of Title VII as Against Gemstone)

57. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

58. Defendant Gemstone has discriminated against Plaintiff on the basis of his gender in violation of Title VII by denying him the same terms and conditions of employment available to employees who are female, including but not limited to, subjecting him to disparate working conditions, obscenities and unfair discipline, denying him terms and conditions of employment equal to that of employees who are female.

59. Defendant Gemstone has also discriminated against Plaintiff on the basis of his gender, in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

60. As a direct and proximate result of Defendant Gemstones' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetaryand/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

61. As a direct and proximate result of Defendant Gemstone's unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

62. Defendant Gemstones' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## COUNT II

(Retaliation in Violation of Title VII)

63. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

64. Defendant Gemstone has retaliated against Plaintiff by, inter alia, by bringing frivolous lawsuits against her, in violation of Title VII, for her opposition to discriminatory practices directed towards her.

65. As a direct and proximate result of Defendant Gemstones unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

66. As a direct and proximate result of Defendant Gemstone unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

67. Defendant Gemstone's unlawful retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages against Defendant Gemstone.

## COUNT III

(Age Discrimination In Violation Of The ADEA as Against Gemstone)

68. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

69. Plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

70. Gemstone is an employer within the meaning of 29 U.S.C. § 630(b).

71. By their actions detailed above, Gemstone unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

72. Plaintiff is entitled to back pay and front pay, damages for emotional distress, attorney's fees and costs, and interest.

73. Gemstone's violation of the ADEA was willful, entitling Plaintiff to liquidated damages.

## COUNT IV

(Age-Based Hostile Work Environment/Harassment In Violation Of The ADEA And Gemstone)

74. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

75. Plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

76. Gemstone is an employer within the meaning of 29 U.S.C. § 630(b).

77. By their actions detailed above, Gemstone unlawfully created a hostile work environment that was objectively and subjectively offensive through severe or pervasive conduct based on age in violation of the ADEA.

78. Gemstone unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

79. Plaintiff is entitled to back pay and front pay, damages for emotional distress, attorney's fees and costs, and interest.

80. Gemstone's violation of the ADEA was willful, entitling Plaintiff to liquidated damages.

## COUNT V

(Retaliation In Violation Of The ADEA against Gemstone)

81. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

82. Plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

83. Gemstone is an employer within the meaning of 29 U.S.C. § 630(b).

84. Plaintiff engaged in protected activity.

85. Gemstone retaliated against Plaintiff for having engaged in the protected activity by reducing his hours in violation of the ADEA.

86. As a result of Gemstone's retaliatory conduct, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

87. Plaintiff is entitled to back pay and front pay, damages for emotional distress, attorney's fees and costs, and interest.

88. Gemstone's violation of the ADEA was willful, entitling Plaintiff to liquidated damages.

## COUNT VI

(Gender Discrimination and Harassment in Violation of New York State Human Rights Law)

89. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

90. Defendants have discriminated against Plaintiff on the basis of his gender, in violation of the New York State Human Rights Law by denying to him the equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

91. Defendants have also discriminated against Plaintiff on the basis of his gender in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, the discrimination and harassment of Plaintiff.

92. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

93. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT VII

**(Age Discrimination and Harassment in Violation of New York State Human Rights Law)**

94. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

95. Defendants have discriminated against Plaintiff on the basis of his age, in violation of the New York State Human Rights Law by denying to him the equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

96. Defendants have also discriminated against Plaintiff on the basis of his age in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, the discrimination and harassment of Plaintiff.

97. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

98. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for

which he is entitled to an award of monetary damages and other relief.

## COUNT VIII

### (Retaliation in Violation of New York State Human Rights Law)

99. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

100. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of his job, all in violation of the New York State Human Rights Law for his opposition to discriminatory practices directed toward him, and/or his participation in lodging complaints about such discriminatory practices.

101. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Mr. Han has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

102. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT IX

### (Aiding and Abetting Violations of New York State Human Rights Law)

103. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

104. Defendant Mr. Mendel knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York

State Human Rights Law.

105. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

106. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

**COUNT X**

**(Gender Discrimination and Harassment in Violation of New York City Human Rights Law)**

107. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

108. Defendants have discriminated against Plaintiff on the basis of his gender in violation of the New York City Human Rights Law by denying him equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

109. Defendants have also discriminated against Plaintiff on the basis of his gender in violation of the New York City Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, discrimination and harassment committed against Plaintiff.

110. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

111. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

112. Defendants' unlawful discriminatory actions and harassment constitutes malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## COUNT XI

**(Age Discrimination and Harassment in Violation of New York City Human Rights Law)**

113. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

114. Defendants have discriminated against Plaintiff on the basis of his age in violation of the New York City Human Rights Law by denying him equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

115. Defendants have also discriminated against Plaintiff on the basis of his age in violation of the New York City Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, discrimination and harassment committed against Plaintiff.

116. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation

and benefits for which she is entitled to an award of damages.

117. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

118. Defendants' unlawful discriminatory actions and harassment constitutes malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## COUNT XII

**(Retaliation in Violation of New York City Human Rights Law)**

119. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

120. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of his job all in violation of the New York City Human Rights Law for his opposition to discriminatory practices directed toward him, and/or his participation in lodging complaints about such discriminatory practices.

121. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of future income, compensation and benefits for which he is entitled to an award of damages.

122. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

123. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## COUNT XIII

### (Aiding and Abetting Violations of New York City Human Rights Law)

124. Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

125. Defendants knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York City Human Rights Law.

126. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which he is entitled to an award of damages.

127. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

128. Defendants' unlawful actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in their favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position they would have occupied but for Defendants' discriminatory and retaliatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff

in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: March 7, 2023
New York, New York

                              Brustein Law, PLLC.
                              *Counsel for Plaintiff*

                    By:       */s/ Evan Brustein*
                              Evan Brustein, Esq.
                              299 Broadway, 17th Floor
                              New York, New York 10007
                              T. (917) 769-8748
                              F. (212) 285-0531
                              E. evan@brusteinlaw.com